LEROY C. HALL & another *vs.* WILLIAM WEIR.

A husband who has deserted his wife and family without cause, and furnished no adequate means for their support, is liable for household supplies reasonable and proper for their ordinary use, and actually used by them, although the wife receives the earnings of two daughters who live with her; and the question whether supplies furnished to her, which come within the class of necessaries, were actually reasonable and proper, is for the jury under the circumstances of each particular case.

CONTRACT for goods sold. At the trial in the superior court the plaintiffs proved that the goods, consisting of groceries and provisions to the amount of $51.75, were all delivered at one time to the defendant's wife, and that she was living with her two daughters, apart from her husband, who had left her some time before in consequence of some complaint made by her of his familiarity with another woman. It also appeared that the defendant's daily earnings amounted to not over $1.25, and that, before his separation from his wife, the monthly earnings of the two daughters, amounting to $24, were paid to him, and that they have been paid since then to his wife. The above was substantially all the evidence in the case; and the defendant requested the court to instruct the jury that the plaintiffs were not entitled to recover; but *Ames*, J., declined so to rule, and instructed the jury that, under the circumstances testified to, the defendant had no right to abandon his wife and family; and that, if he refused or neglected to furnish articles necessary to her and their support, she might rightfully supply herself and her family upon his credit, by purchasing household supplies reasonable and proper for the ordinary use of such a family, and actually so used. The jury found for the plaintiffs, and the defendant alleged exceptions.

*W. S. Gardner*, for the defendant.

*R. B. Caverly*, for the plaintiffs.

BIGELOW, C. J. The instructions given to the jury were accurate and well adapted to the facts proved at the trial. There was evidence that the husband, without legal and sufficient cause, had deserted his wife and family, and furnished no adequate means for their support. Under such circumstances the wife has an implied authority, derived from the legal duty of the husband to make suitable provision for her and her children, to act as his agent and procure such supplies as might be necessary on his credit. 2 Bright on Husb. & Wife, 10. *Emery* v. *Emery,* 1 Y. & J. 501. S. C., 6 Price, 336. *Emmett* v. *Norton,* 8 C. & P. 506. The articles which were sold and delivered to the wife by the plaintiffs were of the class of necessaries. The question whether they were such as were actually necessary and proper under the circumstances in proof was rightly left to the jury. The court was not bound to pass on the weight or sufficiency of the evidence. *Lane* v. *Ironmonger,* 13 M. &. W. 368.

If the defendant wished for any specific instructions as to the effect to be given to the fact that the wife received the earnings of the daughters, he should have asked it at the trial. He cannot now avail himself of an omission which he made no effort to supply at the proper time. Besides, we are bound to infer that, as the fact was before the jury, they gave due weight to it in deliberating on their verdict. *Exceptions overruled.*